*Faxed*
*Mailed* TO COUNSEL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/6/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NORTEL NETWORKS CORP. SECURITIES LITIGATION <br> ------------------------------------------------- <br> *This Document Relates To*: <br><br> ALL ACTIONS | Master File No. 05 MD 1659 (LAP) |

## ORDER APPROVING FINAL DISTRIBUTION PLAN

Lead Plaintiffs, by motion filed on October 15, 2010, on notice to Defendants' Counsel, moved this Court for an order approving a final distribution plan for the Net Settlement Fund, and the Court having considered all the materials and arguments submitted in support of Lead Plaintiffs' motion, including the Declaration of Stephen J. Cirami in Support of Lead Plaintiffs' Motion For Approval of Final Distribution Plan dated October 8, 2010 (the "Cirami Declaration"), the Declaration of Barbara Grossman in Support of Lead Plaintiffs' Request for Reimbursement to Lead Counsel of Fees and Expenses Paid to Fraser Milner Casgrain LLP dated October 8, 2010, the Reply Declaration of Stephen J. Cirami in Further Support of Lead Plaintiffs' Motion For Approval of Final Distribution Plan dated November 19, 2010 (the "Cirami Reply Declaration"), and the Reply Declaration of Barbara Grossman in Further Support of Lead Plaintiffs' Request for Reimbursement to Lead Counsel of Fees and Expenses Paid to Fraser Milner Casgrain LLP dated November 17, 2010 submitted in support of the motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (Nortel II) dated June 20, 2006 (the "Stipulation") and the Cirami Declaration.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.      Lead Plaintiffs' plan for final distribution of the Net Settlement Fund to Accepted Claimants is **APPROVED**. Accordingly,

   a.      The Claims Administrator's administrative recommendations to reject the Disputed Rejected Claims and the Payment Objections, each as set forth in the Cirami Declaration and the Cirami Reply Declaration, are adopted.[1]

   b.      The Claims Administrator's administrative recommendation to pay an additional Adjusted Claim as set forth in the Cirami Reply Declaration is approved and said claimant shall receive a Catch-Up Payment as that term is defined in the Cirami Declaration and in accordance with the terms of the Order Approving Payment of Late Claims and Adjusted Claims entered by the Court on October 25, 2010.

   c.      All uncashed checks that were distributed pursuant to the Initial Distribution Order shall be addressed as follows:

      (1)      Lead Counsel shall conduct a notification program as follows:

         (i)      Letters shall be mailed to all Accepted Claimants whose Initial Distribution checks greater than $100.00 (USD value) are stale-dated notifying them that, unless they cash those checks or request reissued substitute checks within forty-five (45) days of the date of the notification letter, they will irrevocably forfeit all recovery from the Settlement; and

---

[1] This ruling includes approval of the administrative determinations with respect to all claims referenced in Exhibits 1A and 2A of the Cirami Declaration as well as Claim No. 11869 which is discussed in Exhibit 1C to the Cirami Declaration.

2

(ii) Letters shall be mailed to all Accepted Claimants whose Initial Distribution checks greater than $100.00 (USD value) are not yet stale-dated notifying them that, unless they cash those checks or request reissued checks within forty-five (45) days of the date of the notification letter, they will irrevocably forfeit all recovery from the Settlement;

Any Accepted Claimant who seeks to have his, her or its check reissued as a result of the notification process shall be informed at the time the reissue request is made, which request must be made within forty-five (45) days of the date of the notification letter, that the reissued check will become irrevocably void forty-five (45) days after it is issued.

(2) All outstanding checks, whether stale-dated or not yet stale-dated, and including checks equal to or less than $100.00 (USD value) as to which additional notification will not be provided, shall become void ninety (90) days after the date on which the notification letters referred to above are sent.

d. Lead Counsel shall conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), pursuant to which the balance of the Net Settlement Fund after Catch-Up Payments (as defined in the Cirami Declaration and as authorized by separate Order of this Court) are made and after deducting the payments made on currently uncashed checks as described in ¶ 3.b above and any other payments authorized by the Court in this Order (or authorized by the Ontario Superior Court of Justice or the Superior Court of Québec), as well as the estimated costs of such distribution, and after the payment of any estimated taxes and the costs of preparing appropriate tax returns, will be distributed to Accepted Claimants who either have cashed their Initial Distribution checks or are receiving Catch-Up Payments.

e.  If cost effective, not less than six months after the Second Distribution is conducted, a third distribution of the Net Settlement Fund ("the Third Distribution"), pursuant to which all funds from undeliverable, uncashed, or returned checks, after payment of any unpaid costs or fees incurred or to be incurred in connection with administering the Net Settlement Fund, shall be made to Accepted Claimants who cashed their Second Distribution checks and who would receive at least $10.00 USD, as set forth in the Notice. Plaintiffs' Counsel and GCG shall seek approval from the Courts for any further distribution of the Net Settlement Fund, should it be determined to be cost effective, no later than six months after the Third Distribution.

f.  At such time as Plaintiffs' Counsel and GCG determine that further distribution is not cost effective, the balance of the Net Settlement Fund shall be donated, as set forth in the Notice, after payment of any unpaid costs or fees incurred in connection with administering the Net Settlement Fund, proportionately to U.S. and Canadian non-sectarian, not-for-profit, organization(s) after notice to the Courts and subject to direction, if any, by the Courts.

g.  GCG's unpaid fees and expenses in the amount of $1,223,702.50 incurred in connection with the administration of the Settlement and distribution of the Settlement proceeds since November 30, 2007 are approved and shall be paid from the Net Settlement Fund. An additional amount of $316,257.98 shall be held in reserve until completion of the Second Distribution (or Third Distribution, if made), and shall be addressed after notice to the Courts that distribution of the Net Settlement Fund is complete.

h.  Lead Counsel's unreimbursed expenses in the amount of $614,987.42 incurred in connection with its retention of Canadian counsel Fraser Milner Casgrain LLP are approved and shall be paid from the Net Settlement Fund upon Lead Counsel's submission of Fraser Milner Casgrain LLP's contemporaneously prepared time records to supplement its application for reimbursement.

i.  No further Claim Forms may be accepted and no further adjustments to Claims may be made for any reason after October 8, 2010, the date of the Cirami Declaration.

j.  GCG may destroy paper copies of Proofs of Claim immediately, and may destroy electronic copies of claim records two years after any appeals of this Order and the concurring orders of the Canadian Courts are resolved, or the time for any such appeals has lapsed.

k.  At the time any charitable contributions are made, all IVR and website content shall be replaced with a message in both English and French advising that all distributions have been completed and any residual funds have been donated to charities approved by the Courts, and those messages shall remain in effect for not less than 30 days, after which they may be terminated and the IVR system and the website may be shut down.

l.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Gross Settlement Fund or the Net Settlement Fund (the "Released Persons") are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment

from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the Released Persons beyond the amount allocated to them as provided in the Court's distribution orders.

    m.    This Court retains jurisdiction over any further application or matter which may arise in connection with the Settlement.

Dated: New York, New York  
*October 5, 2011*

**BY THE COURT**

*Loretta A. Preska* (signature)
_____
LORETTA A. PRESKA
Chief United States District Judge

6